# UNITED STATES DISTRICT COURT
## Northern District Of Texas
## Dallas Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO: 3:17CR-414-N** |
| | § | |
| **KAMYAR JAHANRAKHSHAN a.k.a.** | § | |
| **ANDREW RAKHSHAN** | § | |

## DEFENDANT'S MOTION IN LIMINE
## AND REQUEST FOR AN EXPEDITED HEARING
### (Extra-jurisdictional Allegations and Other Crimes Evidence)

To the Honorable Judge Godbey, district judge of the United States District Court for the

Northern District of Texas:

NOW COMES Defendant Andrew Rakhshan,  by and through his undersigned attorney and

files this Motion In Limine to **exclude** Government's use:

a)    In presentation of its case-in-chief (prima facie case under the indictment in

this case), any crime, allegation, or evidence thereof, of alleged criminal activity

which is alleged to have occurred in venues outside of the Northern District of

Texas, outside of the State of Texas, or outside of the United States of America;

and

b)    Of evidence of other crimes, either alleged, charged, prosecuted or convicted

against the Defendant, pursuant to Rule 404(b); and

c)    In presentation of its case for sentencing, any crime, allegation, evidence

thereof, of alleged criminal activity including any claims of damage from such

alleged criminal activity and restitution claimed thereof, which is alleged to have

occurred in venues outside of the Northern District of Texas, outside of the State

of Texas, or outside of the United States of America;

and in furtherance of this Motion In Limine, we would show this Honorable court as follows:

## I.  Relevant Factual Summary

Andrew Rakhshan is charged by indictment under 18 U.S.C. §1030(a)(5)(A), with "knowingly causing the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer."  Until his transfer as an incarcerated defendant from the Western District of Washington, Andrew Rakhshan had never physically been to the Northern District of Texas.  The alleged victim in this case is a web-hosting company called SoftLayer which the Government claims to maintain its web-hosting servers in the Northern District of Texas (no evidence is yet in discovery which establishes this fact). The Government uses the claim of Northern District of Texas servers to establish venue in this case.

In February of 2015, SoftLayer claims to have been the recipient of a distributed denial of service (DDoS) attack on one of their hosted websites, "Leagle.com" which caused the site be rendered inoperable for approximately eight (8) hours, thereby suffering damages in excess of $6500. This event is alleged to have been orchestrated from without the Northern District of Texas, but its alleged damage and effects are alleged to have occurred within this District.  However, according to the Criminal Complaint filed in this case, other victims outside of the Northern District of Texas have claimed to have received DDoS attacks following similar alleged fact patterns.

The following foreign entities also claim to have received DDoS attacks and/or harassment or threat in similar fact pattern to that of Leagle.com's alleged DDoS attack:

    a)      Fairfax Media – media website hosted at Quadranet in California, USA;

    b)      Sydney Morning Herald – media website hosted in the United States with no evidence that such hosting occurred within the Northern District of Texas;

    c)      Metronews.ca – Canadian media company which did not receive a DDoS attack, but does claim to have received harassing/threatening emails, whose seven

2

offices are all located in various Canadian Cities;

      d)      CBC.ca – Canadian media company which claims to have received harassing emails and a DDoS attack in January 2015, whose webhosting is not within this District and does not maintain any personal jurisdiction in the United States;

      e)      Canada.ca – a social media discussion site operated by Postmedia Network, Inc. does not maintain any personal jurisdiction in the United States;

      f)      InspirationFurniture.ca – an advertising website for a retail company does not maintain any personal jurisdiction in the United States.

## II. Use of Extra-Jurisdictional Allegations in Case-in-Chief - Venue

This Motion In Limine is filed because Defendant is asking the Court to make a pretrial determination of the inadmissibility of certain evidence, which may or may not be advanced under certain trial circumstances, so that he may adequately prepare for trial and so that all parties understand the lawfully circumscribed nature of these criminal proceedings. Under FRCP Title V. Rule 18, the Government is limited by venue rules in its ability to charge the Defendant in "a district where the offense was committed." Since the instant allegations involve the alleged use of the internet and other telecommunication formats as the means of commission of the offense, additional venue rules such as Title 18. Part II. Chapter 211 §3237 may be relevant to the determination of venue in this case. Under §3237 the Government may prosecute in any "district in which such offense was begun, continued, or completed." However, the burden is on the Government to prove to the Court that such an alleged cyber-attack actually began, continued or was completed within the Northern District of Texas.

### A.  Lack of Venue Regarding SoftLayer

Defendant respectfully asks to the Court to require the Government to prove in pretrial

3

proceedings that it has proper venue in this case.  To date, there is no evidence in discovery that SoftLayer's server equipment which is alleged to have received a DDoS attack is located within the Northern District of Texas.  We would ask that the Court require such a showing and in the absence of evidence that the alleged DDoS attack on SoftLayer actually began, continued or was completed within the Northern District of Texas, we would respectfully request that the Government not be allowed to use any of that evidence in its case-in-chief.

B.   Lack of Venue Regarding Extra-jurisdictional Entities

Defendant also respectfully asks to the Court to require the Government to prove in pretrial proceedings that it has proper venue to use any evidence of the alleged attacks against the above-enumerated extra-jurisdictional alleged victims in its case-in-chief.  There is no evidence that the alleged attacks/harassment of any of these entities actually began, continued or was completed within the Northern District of Texas, and as such, we would respectfully request that the Government not be allowed to use any evidence of the alleged attacks/harassment against the extra-jurisdictional entities in its case-in-chief.


**III. Anticipated Use of Extra-Jurisdictional Allegations in 404(b) Context**

This Motion In Limine is also filed preemptively to any Government Notice of Intent to use certain evidence under the rubric of the Federal Rule of Evidence 404(b).  It is anticipated the Government will file notice that it intends to use evidence of Andrew Rakhshan's alleged involvement in harassment or DDoS attacks against other entities including the extra-jurisdictional entities enumerated above to prove that he committed the charged violation of 18 U.S.C. §1030(a)(5)(A).  It may argue that the evidence of the harassment or involvement in the alleged DDoS attacks is admissible because it proves, through common plan or *modus operandi*, that the Defendant is the

4

perpetrator of the charged offense.  Andrew Rakhshan objects to the use of this evidence.

Federal Rule of Evidence 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conformity therewith. It may,
> however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of
> mistake or accident.

In *United States v. Beechum,* this Court enunciated a two-part test for determining admissibility under Rule 404(b).  582 F.2d 898 (5th Cir. 1978).  "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Id.* at 911.  "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence] 403." *Id.*  If this test is not met, then the evidence must be excluded, "not . . . because it has no probative value, but because it sometimes may lead a jury to convict the accused on the ground of bad character deserving punishment regardless of guilt." *United States v. Carrillo,* 981 F.2d 772, 774 (5th Cir. 1993) (quoting *Beechum,* 582 F.2d 898, 911).

The Government may seek admission of evidence of the extra-jurisdictional harassment and/or DDoS attacks under the identity exception of Rule 404(b).  The Fifth Circuit has held that the identity exception of Rule 404(b) has a "limited scope." *United States v. Silva,* 580 F.2d 144, 148 (5th Cir. 1978).  An extrinsic offense is not admissible under Rule 404(b) to show identity merely because it is committed in the same fashion, but only if it "bears such a high degree of similarity as to mark it as the handiwork of the accused. *Id; United States v. Sanchez*, 988 F.2d 1384, 1393 (5th Cir. 1993); *see also Carter v. Hewitt,* 617 F.2d 961, 968 (3d Cir. 1980) ("[w]hen the issue is identity, it is perfectly proper and, indeed, necessary to exclude other act evidence unless" it bears marks of the handiwork of the accused).

The Government must offer sufficient evidence in this case to show (first); that the Defendant

Andrew Rakhshan is the sufficiently-proven perpetrator of the harassment and/or DDoS attacks against the extra-jurisdictional victims, and *only then* that (second); that the harassment and/or DDoS attacks against the extra-jurisdictional victims bear such a high degree of similarity to the charged offense as to mark them the "handiwork" of the Defendant. Merely alleging that the harassment and/or DDoS attacks against the extra-jurisdictional victims were "committed in the same fashion" as the instant offense is insufficient. It does not allow the Court to determine whether the common characteristics are sufficiently distinctive to warrant an inference that the same person who committed the harassment and/or DDoS attacks against the extra-jurisdictional victims committed the charged one against SoftLayer and Leagle.com. *See United States v. Luna*, 21 F.3d 874, 881 (9th Cir. 1994) (holding evidence of other robberies inadmissible to prove charged robbery, where common features– which included a loud entry into the bank, use of profanity, guns, gloves, and masks, and abuse of bank employees– were so generic to armed robberies that they did not support inference that each were committed by same person). Temporal proximity of the extrinsic offense to the charged offense is considered in the second step of the *Beechum* analysis, in weighing whether the probative value of the extrinsic offense evidence is substantially outweighed by unfair prejudice. *See Sanchez*, 988 F.2d 1384, 1394 (discussing Rule 403 analysis of extrinsic offense evidence); *Beechum*, 582 F.2d 898, 915 (same). The temporal proximity of the offenses, however, does not relieve the Government of its burden to show that the offenses evince the type of "signature quality" required of 404(b) identity evidence.

*United States v. Myers*, 550 F.2d 1036 (5th Cir 1977), illustrates how distinctive an offense must be to be considered "signature quality." In *Myers*, the Fifth Circuit held that the charged and uncharged robberies at issue were not sufficiently similar despite the fact that the crimes had the following in common:

> (1) both crimes were bank robberies, (2) perpetrated between two and three o'clock in the afternoon. In both robberies the victimized bank was (3) located on the outskirts of town, (4) adjacent to a major highway. In both robberies the participants (5) used a revolver, (6) furnished their own bag for carrying off the proceeds, and wore (7) gloves and (8) masks crudely fashioned from nylon stockings.

6

*Myers*, 550 F.2d 1036, 1046.   In reversing the conviction, the court of appeals held that "[a]n early afternoon robbery of an outlying bank situated on a highway, by revolver-armed robbers wearing gloves and stocking masks, and carrying a bag for the loot, is not such an unusual crime" that it supports an inference that the two offenses were committed by the same person."   *Id.*   In this case, as in *Myers*, the Government has not shown a requisite level and quality of similarity between the uncharged and the charged offenses to meet its burden to establish the admissibility of the evidence.

There are additional requirements for the admission of extrinsic offense evidence.   The Government must establish that the "offense was in fact committed and that the defendant in fact committed it."   *Beechum*, 582 F.2d 898, 912.   Andrew Rakhshan has not been convicted of the harassment and/or DDoS attacks against the extra-jurisdictional victims, and the evidence referred to in the Government's Criminal Complaint is insufficient proof of his involvement in these offenses.

Finally, in order for extrinsic offense evidence to be admitted, the Court must determine whether the evidence satisfies Federal Rule of Evidence 403.   The central concern of Rule 403 is whether the probative value of the evidence sought to be introduced is substantially outweighed by the danger of undue prejudice.   The task for the Court in determining the 403 analysis is whether unfair prejudice outweighs probative value "in view of the availability of other means of proof and other facts appropriate for making decisions of this kind under Rule 403."   Also the overall similarity between the offenses is considered. *See also Sanchez*, 988 F.3d 1384, 1394.   To the extent that its relevance may eventually be established, evidence of the harassment and/or DDoS attacks against the extra-jurisdictional victims cannot meet *Beechum*'s second hurdle to admissibility, because the evidence's probative value is substantially outweighed by its undue prejudice.   The danger of unfair prejudice is particularly great where, as in Mr. Rakhshan's case, the other alleged crime was not the subject of a conviction; the jury may feel that the Defendant should be punished for that activity even if he is not guilty of the offense charged. *Beechum*, 582 F2d 898, 914.

The Government has not and cannot establish that the harassment and/or DDoS attacks against the extra-jurisdictional victims were committed by Andrew Rakhshan, nor do they evince a "signature quality" marking them the "handiwork" of the perpetrators of the charged offense.   In addition, the danger of unfair prejudice substantially outweighs the probative value of this evidence. Accordingly, the Court should exclude the extrinsic offense evidence sought to be introduced by the Government in this case.

### III. Anticipated Use of Previous Convictions

This Motion In Limine is also filed for the Court to provide advance ruling on the inadmissibility of any prior convictions for the purposes of the case-in-chief or for the purposes of impeachment, should the Defendant choose to testify in this case.  Defendant Andrew Rakhshan has a prior conviction for Fraud and Obstruction in Canada for which he was sentenced in 2011 and served 18 months jail time before he was deported to the United States in September 2014 and permanently barred from Canada.  Mr. Rakhshan also had a charge, File No. 03-1-01437-3 from the State of Washington, which is not a conviction as that charge was vacated in 2011.

Federal Rule of Evidence 609 governs the admissibility of prior convictions if an individual testifies.  At this time, it has not yet been decided whether Defendant will testify, but if Mr. Rakhshan testifies, it is anticipated that the Government will attempt to use his previous conviction to prove his commission of the instant offense and to try to show a propensity for falsehood.  If Mr. Rakhshan testifies, the 2011 Canadian conviction is admissible for impeachment purposes only if their probative value outweighs their prejudicial effect to the defendant.  Fed. R. Evid. 609(a)(1)(B).  *Green v. Bock Laundry Machine Co.*, 490 U.S.504, 109 S.Ct. 1981 (1989).  The Court must balance these factors on the record.  *United States v. Preston*, 608 F.2d 626, 638 (5th Cir. 1979), cert. denied, 446 U.S. 940 (1980).

Andrew Rakhshan submits that the prejudice to him of admitting the prior convictions

substantially outweighs their limited probative value.  In particular, this conviction has little bearing on the credibility his testimony and the jury might all too easily give improper consideration to the convictions, and assume that Mr. Rakhshan is guilty of the charge in the indictment merely because he has this prior conviction, and thus a propensity to commit the crime.

The Defendant additionally submits that his prior conviction is not admissible under Rule 404 of the Federal Rules of Evidence. Rule 404(a) prohibits proof of a defendant's character as evidence that he acted in conformity therewith.  Similarly, Rule 404(b) prohibits evidence of other crimes as evidence that he acted in conformity with such crimes.  Therefore, this conviction is prima facie inadmissible under 404(b). Before admitting evidence under Rule 404(b), the Court must determine whether the probative value of such evidence is substantially outweighed by the potential for unfair prejudice, pursuant to Rule 403 of the Federal Rules of Evidence (see above).  *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988).  This determination must be made on the record. *United States v. Zabaneh*, 837 F.2d 1249 (5th Cir. 1988); *United States v. Robinson*, 700 F.2d 205 (5th Cir. 1983).

Further the Defendant states that if he testifies, that he will stipulate to the fact that he has a prior conviction of a crime punishable by more than a year and that, therefore, the admission into evidence of the nature of his prior conviction will only serve to prejudice the jury against the defendant.  Defendant further represents that the probative impeachment value of admitting his prior convictions does not outweigh the prejudicial effect their admission will cause.  Fed. R. Evid. 609(a).

### III. Anticipated Use of Extra-Jurisdictional Allegations in Sentencing

This Motion In Limine is also filed because Defendant is asking the Court to make a pretrial determination of the inadmissibility of certain evidence for the purposes of Sentencing and the Offense Level computation under the 2016 Guidelines Manual §2B1.1.  Insofar as the Court has

considered our previous arguments against the inadmissibility of the alleged extra-jurisdictional victims regarding the Government's case-in-chief, we reiterate those same objections regarding their inadmissibility and irrelevance regarding sentencing.

An important aspect of §2B1.1 sentencing guideline calculation is the subject of "Loss Calculation." Under this section, a "loss table" is consulted and increases to the base offense level can be applied ranging from "no increase" to "add 30". *See* 2016 Federal Sentencing Guideline Manual §2B1.1(b)(1). In previous testimony, Special Agent Matt Dosher testified that the loss in this case could be calculated at more than $150,000. He stated this fact as one of his primary reasons to believe that Mr. Rakhshan was a flight risk and a continued danger to the public; and Mr. Rakhshan believes that this testimony was instrumental in the Court's determination to continue his pretrial incarceration. However, on Page 8 of the Criminal Complaint in this case, it is stated that "time and resources allocated to the issue exceeded $10,000.00USD" which is significantly less than the over $150,000 claimed in testimony. Because no discernable discovery has yet been produced to evidence *any* restitutionary loss as contemplated in §2B1.1 Commentary, Defendant can only surmise that the Government and Special Agent Dosher must be referring to the loss alleged to have been incurred by the alleged extra-jurisdictional victims.

Therefore, as the alleged extra-jurisdictional victims (1) are not covered by the Federal Venue rule, (2) are excluded from the Government's case-in-chief, (3) are not proper for impeachment under 404(b), and (3) have not resulted in conviction to be considered under 609, any alleged loss cannot be subject to inclusion in Sentencing Guideline Calculation.

Defendant also respectfully asks to the Court to require the Government to prove in pretrial proceedings that it has proper venue to consider any alleged loss to SoftLayer in this case. To reiterate, to date there is no evidence that SoftLayer's server equipment which is alleged to have received a

DDoS attack is located within the Northern District of Texas. We would ask that the Court require such a showing and in the absence of evidence that the alleged DDoS attack on SoftLayer actually began, continued or was completed within the Northern District of Texas, we would respectfully request that the Government not be allowed to use any of that evidence in sentencing.

Defendant also respectfully asks to the Court to require the Government to prove in pretrial proceedings that it even has proper *venue* to consider any alleged loss resulting from the alleged attacks against the enumerated extra-jurisdictional alleged victims in sentencing. There is no evidence that the alleged attacks/harassment of any of these entities actually began, continued or was completed within the Northern District of Texas, and as such, we would respectfully request that the Government not be allowed to use any evidence of the alleged attacks/harassment against the extra-jurisdictional entities in sentencing.

**PRAYER**

Defendant and Counsel understand that many of these requests are made preemptively and well before the trial date of March 2018, but they are made conscientiously. The Government has made many claims to the Court in arraignment and bond proceedings and during motion practice regarding the anticipated admissible facts of this case, both in support of their positions and in opposition to the positions of the Defense. Upon the decision of the Court on the instant motion, many of these claims may be rendered specious. If for instance, the Court were to decide that the extra-jurisdictional restitution damages or the calculation of the number of victims were irrelevant under venue rules, then the Government's claim as to the seriousness/level of the offense at the bond reconsideration hearing would not be entirely accurate and perhaps the Court would have a modified attitude about bond. Similarly, the Government's arguments regarding the voluminous discovery and international investigation/discovery in their request to declare this case complex would likewise not

11

be entirely accurate and perhaps the Court would have a modified attitude about the relatively distant trial date.

If the Court does make such a finding in favor of this Motion In Limine, we respectfully request that the Court reconsider its rulings in respect to bond and case complexity.

We do hereby respectfully request an expedited hearing on these pretrial issues.


WHEREFORE, premises considered, for these reasons and those stated above, we respectfully request that the Court consider excluding all of the above anticipated evidence as the Federal Rules of Evidence and Rules of Criminal Procedure dictate.  Further, Andrew Rakhshan asks that prior to the Government introducing any extrinsic act or misconduct evidence, including any evidence at issue in any future notice, the Government be required to seek a ruling on the evidence's admissibility outside the presence of the jury.


Respectfully submitted,


Steven Hayden /s

Attorney for Defendant
SBN 24006245
2351 W. Northwest Hwy #1303
Dallas, Texas 75220
214-678-9663 phone
214-631-2375 fax
haydenlaw@verizon.net

## CERTIFICATE OF SERVICE AND CONFERENCE

I hereby certify that I served a copy of the foregoing Motion in Limine on Ms. Candina Heath, United States Attorney for the Northern District of Texas, by emailing it to her at candina.heath@usdoj.gov, on November 22nd, 2017.  Further, I corresponded with Ms. Heath on November 21st, 2017 and she has expressed that she in opposition to this Motion in Limine.

_____

Steven Hayden

Attorney for Defendant

13