**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | **3:17-CR-414-N** |
| ) | |
| **v.** ) | |
| ) | |
| **KAMYAR JAHANRAKHSAN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PROPOSED JURY INSTRUCTION REGARDING "LOSS"**

**LOSS**

One of the several elements that the government must prove beyond a reasonable doubt in order to establish a violation of Count 1 of the indictment is that a "loss" of at least $5,000 occurred as a result of the defendant's actions. "Loss" is defined by the statute as: "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

Any alleged "loss" must be related to the impairment or damage to a computer

or computer system.[1] Therefore, the term "loss" is limited to those costs necessary to assess damage caused to a victim's computer system or to resecure the system in the wake of a D-DOS attack or revenue lost by the victim as a result of the attack.[2]

The $5,000 of "loss" must be accumulated in a one year period and not cannot be combined over multiple year periods.

For purposes of determining whether a $5,000 "loss" occurred with a one year period, you should not include the following in your computations:

.    ●Costs incurred related to litigating or prosecuting the person believed to be responsible for the D-DOS attack;[3]

●Costs associated with locating and collecting information about the person believed to be responsible for the D-DOS attack; or[4]

●Costs incurred in connection with preventing future unauthorized access to an alleged victim's computer or with identifying ways to improve a computer's security systems that are unrelated to the alleged security breach that had already taken place.[5]

---

[1]*Brooks v. AM Resorts, LLC*, 954 F.Supp. 2d 331, 337-38 (E.D. PA 2013).

[2]*Tyco Int'l Inc. v. John Does, 1–3*,2003 WL 23374767, *3 (S.D.N.Y. Aug. 29, 2003)

[3]*See, e.g.*, Healthcare Advocates, Inc. V. Harding , Earley, Follmer & Frailey, 497 F.Supp. 627, 647 (E.D. Pa. 2007); *Turner W. Branch, P.A. v. Osborn*, 2014 WL 12593991, *17-18 (D. N.M. 2017).

[4]*Reis, Inc. v. Spring11 LLC*, 2016 WL 5390896, *9 (S.D.N.Y. 2016) (citations omitted); *Mintz v. Mark Bartelstein & Associates, Inc.*, 906 F.Supp.2d 1017, 1030 (C.D. Cal. 2012); *Millennium TGA, Inc. v. Leon*, 2013 WL 5719079, *18 (E.D. N.Y. 2013); *Lakeland Tours, LLC v. Bauman*, 2014 WL 12570970, *7 (S.D. Cal. 2014).

[5]*Jarosch v. American Family Mut. Ins. Co.*, 837 F.Supp. 2d 980, 1021-23 (E.D. Wisc. 2011); *University Sports Pub. Co. v. Playmakers Media Co.*, 725 F.Supp. 2d 378, 388 (S.D.N.Y.

Respectfully submitted,

/s/ F. Clinton Broden

F. Clinton Broden
Tx. Bar 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant
Kamyar Jahanrakhsan

---

2010); *Cohen v. Gerson Lehrman Group, Inc.*, 2011 WL 4336683, *8 (S.D.N.Y. 2011); *Reis*, 2016 WL 3702736 at *6.

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that on March 21, 2018, I caused the foregoing document to be served by the electronic case filing system (ECF) on all counsel of record.

/s/ F. Clinton Broden
F. Clinton Broden
