IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Crim. Action No. 3:17-CR-0414-N |
| | § | |
| KAMYAR JAHANRAKHSHAN | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Jahanrakhshan's motion for acquittal or new trial [68]. Defendant was charged with and convicted of violating 18 U.S.C. § 1030(a)(5)(A) for causing the transmission of a command to a protected computer causing a loss aggregating at least $5,000 or more during a one-year period. The only issue raised by the defense at trial was the loss amount.

Jahanrakhshan now moves for judgment of acquittal on two related grounds regarding loss amount and for new trial based on ineffective assistance of trial counsel (!). Because the Court finds there was legally sufficient, competent evidence to support the verdict, the Court denies the motion for judgment of acquittal. The Court reluctantly grants the motion for new trial.

### I. THE COURT DENIES THE MOTION FOR ACQUITTAL

#### *A. Legal Standard*

"A motion for [a] judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (quoting *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)). When considering the sufficiency of the evidence, this Court evaluates all evidence, circumstantial or direct, "in the light most favorable to the government, with all reasonable inferences to be made in support of the jury's

verdict." *United States v. Grant*, 850 F.3d 209, 219 (5th Cir. 2017) (internal brackets and citations omitted). This Court "must affirm a conviction, if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc)).

*United States v. Sertich*, 879 F3d 558, 565 (5th Cir. 2018) (emphasis in original).

### *B. Johnson and Martin's Testimony Is Sufficient to Support the Verdict*

Jahanrakhshan moves for acquittal on the basis that there was legally insufficient evidence to support the required loss amount of $5,000. The evidence showed (and the jury found) that Jahanrakhshan perpetrated a distributed denial of service ("DdoS") attack on the victim's leagle.com website. A DDoS attack floods the website with so many spurious contacts that legitimate users cannot contact the website. Leagle.com is a compendium of legal opinions, that once included an opinion adverse to Jahanrakhshan. Jahanrakhshan advised leagle.com staff that if they would remove that opinion, he would cease the attack. Leagle.com, together with its IT provider, Infocon (which was also a shareholder and data vendor), and leagle.com's Internet service provider ("ISP"), tried frantically over a period of days to remediate the attack, but were unsuccessful. Finally, leagle.com took down the opinion in question and the attack ceased.

Infocon provides processing of the raw legal opinions received on a daily basis so that they are suitable to be loaded onto leagle.com's website. Leagle.com pays Infocon a yearly fee for its services. Government witness Donald Johnson testified that, during the period of the attack, Infocon quit providing its customary services and devoted all its attention to remediating the attack. Consequently, Johnson testified, the money that leagle.com paid to

Infocon for the period of the attack was damages to leagle.com. Johnson testified that amount was $16,000.

Government witness Gail Martin provided IT services to leagle.com as a consultant. She also testified that during the period of the attack and the threats leading up to the attack, she devoted her services to trying to fight off the attack. She testified that she was paid $8,000 in connection with those efforts.

Either of Johnson or Martin's testimony is sufficient to support the verdict regarding the loss amount.

Jahanrakhshan's argument for judgment of acquittal is that he successfully attacked Johnson and Martin's damage testimony on cross-examination to the point that no rational trier of fact could have found that the loss exceeded $5,000. Jahanrakhshan also argued that position to the jury in closing argument. The jury, by its verdict, rejected Jahanrakhshan's position. Jahanrakhshan now asks the Court to second guess the jury's credibility determinations, something it is loathe to do.

As this Court instructed, a "jury is ordinarily entitled to believe all, any part of, or none of a witness' testimony." *Globe Indem. Co. v. Richerson*, 315 F.2d 3, 6 (5th Cir. 1963). The jury was entitled to accept Johnson and Martin's testimony on direct and discount or reject what they may have said on cross-examination. The Court therefore denies the motion for judgment of acquittal on this ground and likewise declines to grant a new trial on this ground.

### *C. Johnson's Testimony Was Not Inadmissible Hearsay*

In support of leagle.com's loss, Johnson testified about the scope of the recovery and remediation efforts made by Infocon. Jahanrakhshan objected that Infocon was in India and Johnson was in the US, and therefore could not have personal knowledge of Infocon's efforts. Thus, Jahanrakhshan argued, that testimony was either hearsay (based on what Infocon employees told Johnson), or not the best evidence (based on documents not in evidence). The Court overruled the objection, finding that Johnson had demonstrated personal knowledge of the recovery and remediation efforts.

It is worth noting the context. Leagle.com was under attack. Jahanrakhshan's DDoS attack made the website completely inoperable. Leagle.com, its ISP and Infocon were in panic mode trying to get the website back up and running. All three were in near-constant communication. In that kind of circumstance, it is reasonable to say the Johnson, an active participant in the process, had personal knowledge of the scope of the efforts of the other participants. Note the Johnson was not attempting to introduce specific statements made by Infocon employees. Rather, from his communication with Infocon employees he developed personal knowledge of the extent of their efforts to fight off Jahanrakhshan's DDoS attack.

As the court stated in addressing a similar objection in *U.S. Info. Systems, Inc. v. IBEW Local No. 3*, 2006 WL 2136249 (S.D.N.Y. 2006):

> The defendants seek to strike evidence given by witnesses who obtained their knowledge of events through interactions with other people. Personal knowledge however, is not so narrowly defined. "Although first-hand observation is obviously the most common form of personal knowledge, that is not the only basis for it." 3 J. Weinstein *et al.*, Weinstein's Evidence, § 602.03[1][a]. In *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523

(7th Cir. 1989), Judge Posner pointed out that business executives' testimony about their products was not hearsay, even though their knowledge came from engineers instead of from first hand inspection.

> All perception is inferential, and most knowledge social; since Kant we have known that there is no unmediated contact between nature and thought. Knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602, rather than hearsay, which is repetition of a statement made by someone else – a statement offered on the authority of the out-of-court declarant and not vouched for as to truth by the actual witness.

*Id.*

*Id.* at *11. *Accord United States ex rel. Netplanner Systems, Inc. v. GSC Constr. Inc.*, 2017 WL 3594261, at *3 (E.D.N.C. 2017) (overruling objection to affidavit based on review of files and collecting cases); *Los Angeles Times Comm., LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 886-87 (C.D. Cal. 2006) ("Therefore, Plaintiff's remaining objections for lack of personal knowledge are OVERRULED because the declarants established that their testimony is based on personal knowledge acquired through their positions and performance of their job duties."). The Court, therefore, stands by its ruling at trial that Johnson had personal knowledge of the remediation efforts based on his involvement in those efforts.[1]

The Court therefore denies the motion for judgment of acquittal on this ground and likewise declines to grant a new trial on this ground.

## II. THE COURT GRANTS A NEW TRIAL

---

[1] The Court would also find that the residual exception of Rule 807 of the Federal Rules of Evidence would apply if the notice required by Rule 807(b) had been given. Lack of notice will not be an issue if this case is re-tried.

"A defendant may raise a claim of ineffective assistance of counsel in a motion for a new trial." *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (citing *United States v. Fuchs*, 467 F.3d 889, 910-11 & n.15 (5th Cir. 2006)). An ineffective assistance of counsel claim raised in a motion for new trial is judged under the familiar two-part *Strickland* test. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Jahanrakhshan moves for a new trial on the basis that his counsel were ineffective in failing to request a lesser included offense instruction.

Jahanrakhshan was convicted of violating 18 U.S.C. § 1030(a)(5)(A). If the loss was greater than $5,000, that is a felony punishable by no more than ten years in prison. *Id.* § 1030(c)(4)(B)(I) (violation of (a)(5)(A) causing harm provided in (c)(4)(A)(i)(I)).[2] Alternately, if the harm does not exceed $5,000 (or satisfy any of the other triggers in (c)(4)(A)(i)), the offense is a misdemeanor punishable by imprisonment for not more than one year. *Id.* § 1030(c)(4)(G)(i).

Counsel for Jahanrakhshan declare that they were not aware of the lesser included misdemeanor before trial. They state that they did not deliberately refrain from requesting a lesser included offense instruction as part of a trial strategy, they were simply ignorant. They further state that if they had known of the lesser included offense, they would have recommended to Jahanrakhshan that he request a lesser included offense instruction. Jahanrakhshan for his part avers that he was also unaware of the lesser included

---

[2] Oddly enough, an attempt to violate section 1030(a)(5)(A) is a felony regardless of contemplated loss amount. *Id.* § 1030(c)(4)(B)(ii).

misdemeanor, and that had he known, he would have asked his attorneys to request a lesser included offense instruction. While the government expresses some skepticism, it offers no controverting evidence.³ On the record before it, the Court has no option but to find that Jahanrakhshan's counsel's performance fell below an objective standard of reasonableness. *See Richards v. Quarterman*, 566 F.3d 553, 569-70 (5th Cir. 2009) (affirming finding of ineffective assistance of counsel where failure to request lesser included offense instruction was not strategic).

The government argues that any error was harmless given that the jury found Jahanrakhshan guilty of the felony offense. While this is an intuitively attractive position, it appears not to be the law.⁴ *See Breakiron v. Horn*, 642 F.3d 126, 138 (3d Cir. 2011); *Crace v. Herzog*, 798 F.3d 840, 848 (9th Cir. 2015). Although the courts do not use the term, they essentially treat failure to give a lesser included offense instruction as structural error. *Cf. Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907-08 (2017) (discussing structural error). And while the Fifth Circuit has not adopted *Breakiron* or *Crace*, those appear to be the only two circuit court decisions on this point. Accordingly, the Court holds that Jahanrakhshan

---

³The government points to pretrial assertions of innocence by Jahanrakhshan, arguing that shows he was pursuing an all-or-nothing strategy and would not have wanted the jury to have a misdemeanor alternative. While that is one possible interpretation, it is not the only one, and it does not refute Jahanrakhshan's direct averments to the contrary in his declaration.

⁴In fact, this argument proves too much. If it were correct there would be no jurisprudence on lesser included offense, as the only context where it could come up is when there was a conviction on the greater offense.

has satisfied both prongs of *Strickland*. The Court, albeit reluctantly, grants Jahanrakhshan's motion for new trial.

## Conclusion

The Court denies Jahanrakhshan's motion for judgment of acquittal. The Court grants Jahanrakhshan's motion for new trial. The Court will, by separate order, reset the case for trial. The Court will, by separate proceeding, address what if any sanction or discipline should be imposed on Jahanrakhshan's counsel for their failure to provide Jahanrakhshan with an adequate defense.

Signed July 18, 2018.

David C. Godbey
United States District Judge