IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | NO. 3:17-CR-0414-N |
| KAMYAR JAHANRAKHSHAN (1) | |

GOVERNMENT'S OPPOSITION TO JAHANRAKHSHAN'S
MOTION TO TAKE DEPOSITION OF FNU NANJUNDA

The United States of America, by and through its undersigned counsel, respectfully opposes Jahanrakhshan's (Rakhshan) motion to take the deposition of Nanjunda. (Doc. 85) and his related supplemental motion (Doc. 91). In light of the evidence and testimony presented during the trial and the post-trial filings, the government respectfully requests that this Honorable Court deny Rakhshan's motions.

**THE REQUESTED DEPOSITION IS NOT WARRANTED**

Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in a criminal case and explicitly states that such depositions will be reserved for "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a).

> District courts have broad discretion to grant or refuse a Rule 15(a) motion, and they should review these motions on a case-by-case basis, examining whether the particular characteristics of each case constitute "exceptional circumstances." The words "exceptional circumstances" bespeak that only in extraordinary cases will depositions be compelled.

*United States v. Lucas*, 516 F.3d 316, 348 (5th Cir. 2008) (quoting *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994).

Depositions in criminal cases are *not* favored, especially when sought for purposes of discovery. "In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored." (*United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (quoting *Simon v. United States*, 644 F.2d 490, 498 n.12 (5th Cir. May 1981).

      Fed. R. Crim. P. 15 provides that a deposition can be taken of a prospective witness outside the United States only if the court specifically finds, among other things, that the requested testimony "could provide *substantial proof of a material fact* in a felony prosecution." (Emphasis added.)[1] Rakhshan claims the testimony of Nanjunda is *necessary* to prove the element of loss, i.e. that Rakhshan's criminal conduct resulted in loss to the leagle.com exceeding $ 5,000. There are several concerns with Rakhshan's claim. First, Rakhshan fails to articulate how Nanjunda's testimony is material to his defense. As can be reasonably deduced from the evidence presented at trial, Nanjunda's testimony would strengthen the government's case. Nanjunda would confirm that the website leagle.com was the victim of a DDoS attack; the site's integrity and availability was affected for several days; and during the attack it was difficulty if not impossible to update and maintain the site. Second, Nanjunda's testimony, by no means, would change the jury's verdict of guilty. In fact, it would strengthen the jury's resolve to convict.

---

[1] Fed R. Crim. P. 15 also provides that the court specifically find that "(B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained; (C) the witness's presence for a deposition in the United States cannot be obtained; (D) the defendant cannot be present because:(i) the country where the witness is located will not permit the defendant to attend the deposition; (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and (E) the defendant can meaningfully participate in the deposition through reasonable means."

Finally, Nanjunda's testimony would be cumulative of the other testimony and evidence, which somewhat negates labeling it as substantial or material.

In his Supplemental Motion, Rakhshan clarifies his intent for the deposition, that being to "test the hearsay statement [of Donald Johnson] by taking Mr. Nanjunda's deposition." [Doc. 91, p. 2]. This is not a valid basis for granting a Fed. R. Crim. P. 15 deposition and this Court has ruled that the statements admitted were not hearsay. [Doc. 80].

**EXCEPTIONAL CIRCUMSTANCES DO NOT EXIST**

An Advisory Committee Note specifically addresses the phrase, "exceptional circumstances and in the interests of justice," stating that a deposition should be granted only "if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' *testimony is material*, and (c) the prospective witness' *testimony is necessary* to prevent a failure of justice." (Emphasis added)(Notes of Advisory Committee on Rules, Note to Subdivision (a), and Note on 1974 Amendment); see also *United States v. Salim*, 855 F.2d 944, 948 (2d Cir. 1988).

In this case, Rakhshan has not articulated, much less adequately established, that exceptional circumstances exist to warrant deposing Nanjunda.

**THE TESTIMONY WOULD BE CUMULATIVE, AND NOT MATERIAL**

"The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul*, 1 F.3d at 1552. If the anticipated testimony is *not* material or necessary, a deposition pursuant to Fed. R. Crim. P. 15 is *not* warranted. Rakhshan fails to articulate

what testimony Nanjunda would provide, other than being supportive of or consistent with the testimony from both Donald Johnson and Gail Martin. Thus, Nanjunda's anticipated testimony would not be necessary, and cumulative of other evidence and testimony. Additionally, at no time has Rakhshan suggested that Nanjunda's anticipated testimony would be exculpatory or assist his defense in any way. None of the evidence presented during the first trial or provided in discovery supports such a proposition. It appears that Rakhshan seeks Nanjunda's testimony to eradicate what he mislabels as "inadmissible hearsay."

Fed. R. Crim. P. 15's phrase "in the interest of justice" clearly denotes that the anticipated testimony must be material. *Dillman*, 15 F.3d at 389. An excellent analysis of materiality is presented in Magistrate Judge Horan's Memorandum Opinion and Order Denying Motion For Rule 15 Deposition of Foreign-Based Witnesses in *United States v. Sledziejowski*[2], 2018 WL 175777 at *2-4 (N.D. Tex April 12, 2018). Magistrate Judge Horan relies on Fifth Circuit decisions[3] consistent with the framework outlined in a case from the Eastern District of Virginia:

> "In the Rule 15 context, materiality has the same meaning that the Supreme Court gave the term in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, namely, that the evidence or testimony must be exculpatory, and not corroborative or cumulative of other evidence." *United States v. Jefferson*, 594 F. Supp. 2d 655, 667 (E.D. Va. 2009) (internal citations omitted). Therefore, it is necessary to consider whether the forecasted testimony is exculpatory, in that it "tends to negate an element of the crime or to establish a defense, and whether it is cumulative of other evidence." Id. at 667 (quoting *Rosen*, 240 F.R.D. at 209).

---

[2] *United States v. Sledziejowski*, 3:16-CR-101-B.
[3] *United States v. Farfan-Carreon*, 935 F.2d 678, 680 (5th Cir. 1991); *United States v. Aggarwal*, 17 F.3d 737, 742 (5th Cir. 1994); *United States v. Tuma*, 738 F.3d 681, 689 (5th Cir. 2013); and *United States v. Kessler*, 165 F.3d 24, 1998 WL 870694, at *10 (5th Cir. Dec. 2, 1998).

> "The first step in the materiality analysis is to identify the elements of the crime; the next is to outline the forecasted testimony; the final step is to compare the elements of the forecasted testimony to ascertain whether the forecasted testimony negates any element of the charged crime or establishes a defense." Rosen, 240 F.R.D. at 209. If testimony is exculpatory, it is "necessary to consider whether it is cumulative of other existing and available evidence." *Jefferson*, 594 F. Supp. 2d at 667 (internal citations omitted).

*United States v. Ordonez*, 242 F. Supp. 3d 466, 472-3 (E.D. Va. 2017).

As discussed in this filing, Nanjunda's anticipated testimony is not exculpatory, does not negate an element of the crime, and is cumulative. Ultimately, Rakhshan fails in his burden to establish that the deposition is warranted.

**RAKHSHAN'S UNDERLYING RATIONAL IS FLAWED**

First, in Rakhshan's motion, the government disagrees with paragraph number one's conclusion that the case centered entirely on the question of damages. Rakhshan plead not guilty and during the trial, his attorneys contested and opposed every email account and IP address, contending that Rakhshan did not participate in any DDoS attack. It was only in closing argument that Rakhshan's attorney conceded certain criminal conduct by Rakhshan and focused on the loss issue.

Second, in Rakhshan's motion, the government disagrees with paragraph number two's assertion that the bulk of the alleged damages were based on hearsay testimony. During the trial, this Honorable Court overruled certain of Rakhshan's objections to hearsay regarding Johnson's testimony about the scope of the efforts taken by himself and the individuals at Infocon, all who feverously worked to understand the extent of the DDoS attacks and attempt to get the website back up and running.  On July 18, 2018, this Court specifically denied Rakhshan's request for an acquittal and a new trial,

specifically disagreeing with Rakhshan's contention that Johnson's testimony constituted inadmissible hearsay. [Doc. 80, denying in part Doc. 68]. In its Order, this Honorable Court opined that Johnson's testimony regarding the efforts, actions, and time expended by the individuals at Infocon was *not* hearsay. [Doc. 80, Section C.].

**THE GOVERNMENT'S EVIDENCE WAS MORE THAN SUFFICIENT, WHICH MAKES NANJUNDA'S TESTIMONY UNNECESSARY**

During the trial, the primary proof presented by the government on the element of loss was the testimony of Johnson and Martin. Gail Martin acted as a consultant of leagle.com and managed the leagle.com's website, and testified she was paid $ 8,000 for her efforts in connection to the DDoS attack. [Transcript, Vol.2, p.66]. Johnson testified that leagle.com paid its partner and major shareholder Infocon for a variety of services and products, to include purchasing data from Infocon, updating leagle.com's database, enhancing the database (making it interactive and user friendly), and providing technical support. [Transcript Vol.3, pp.56,59,66,69-70]. Specifically Johnson stated that leagle.com paid individuals at Infocon $ 16,000 between January 22, 2015 and January 28, 2016, for services that could not be rendered due to Rakhshan's DDoS attack. [Transcript Vol.3, p.70].

Johnson also alluded to but did not put a price on the financial loss experienced by himself and Paul Twomey, two of the four partners of leagle.com. Each spent a considerable amount of time focused on the DDoS attack and therefore, were unable to attend to other business.

In its July 18, 2018 Order denying Rakhshan's motion for acquittal, this

Honorable Court found that "either of Johnson or Martin's testimony [was] sufficient to support the verdict regarding the loss amount." [Doc. 80, p. 3]. Thus, Nanjunda's testimony would not be necessary.

**RAKHSHAN'S ONLY SEEKS DISCOVERY FROM NANJUNDA**

Rakhshan's attorneys attempted informally to interview[4] Nanjunda, a citizen of India, residing in India. Attached to his supplemental motion, Rakhshan presented a Declaration of a Mohammed Ozair [Doc. 91-1] stating that Ozair was employed by Rakhshan's attorneys to interview Nanjunda. Ozair stated that on two occasions, September 11, 2018, and September 14, 2018, he (Ozair) contacted Nanjunda and attempted the interview. Rakhshan filed his instant Motion for Deposition on the same day as that first contact, September 11, 2018. Per Ozair's declaration, Nanjunda refused to be interviewed on both occasions.

Attachment A is a letter dated September 6, 2018 from F. Clinton Broden, "authorizing" a different person, Mr. Ragavendra, to conduct the interview of Nanjunda. Attached to the letter appear to be questions to be posed to Nanjunda. Interestingly, the tenor of the proposed questions does not support the proposition that a deposition of

---

[4] As this Honorable Court and Rakhshan's attorneys are aware, neither the U.S. government nor its citizens can compel Nanjunda's appearance or testimony. Per the Department of State's website:
> Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement. Letters rogatory are requests from courts in one country to the courts of another country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty. Letters rogatory may be used to effect service of process or to obtain evidence if permitted by the laws of the foreign country.

https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html.

The government expresses some concern with the implication by defense's letter that an interview was "authorized;" when in fact, no Letter Rogatory for such an interviewed had been requested or received.

Nanjunda would be for "exceptional circumstances and in the interest of justice." The questions do not appear to seek "*substantial proof of a material fact.*" The questions appear to seek discovery of facts on non-essential non-material facts. The questions presume that a DDoS attack occurred which disrupted the website, i.e. cause damage.

**CONCLUSION**

The government respectfully requests that this Honorable Court deny Rakhshan's motion for deposition.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney
candina.heath@usdoj.gov
Texas State Bar. No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone: 214-659-8600
Fax: 214-659-8805

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to Rakhshan's attorneys of record.

*/s/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney