IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES | |
| V. | NO. 3:17-CR-0414-N |
| KAMYAR JAHANRAKHSHAN | |

## MOTION TO DISMISS A *PRO SE* FILING DOCUMENT 135

The United States of America, by and through its United States Attorney, moves to strike the defendant's *pro se* filing [Doc. 135], and for cause respectfully shows this Court as follows:

Rakhshan's *Pro Se* Motion Should be Struck/Denied:

On or about May 29, 2020, Kamyar Jahanrakhshan (Rakhshan) filed a *pro se* motion to reassert objections filed [Doc. 75] by a previously retained attorney to a currently-invalid Presentence Report (PSR)[1] prepared following a conviction that was overturned by this Honorable Court two years ago. First and foremost, this Court should not accept a *pro se* motion by Rakhshan, since he is represented by counsel.  Second, the remedy sought by Rakhshan, re-urging an invalid filing, should be denied.

---

[1] The PSR, Document 73-1, addressed a conviction on Count One of the Indictment.  The current PSR, Document 125-1, addresses Rakhshan's plea of guilty to Count Two of the Superseding Indictment.

**Government's Motion to Dismiss *Pro Se* Filing - page 1**

Rakhshan is Not Entitled to Act *Pro Se* When Represented by Counsel:

In federal court, defendants "may plead and conduct their own cases personally or by counsel." (28 U.S.C. § 1654, Emphasis added.). This right is disjunctive only. Defendants do not have the right to a "hybrid" or dual representation - *pro se* and by counsel. *United States v. Ogbonna*, 184 F.3d 447, 449 n. 1 (5th Cir.1999). Once the defendant appears through counsel, he cannot thereafter proceed *pro se*, without knowingly and intelligently waiving his right to be represented by counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta v. California*, 422 U.S. 806, 832 (1975); *Brown v. Wainright*, 665 F.2d 607, 610 (5th Cir. 1982); *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *United States v. Trapnell*, 638 F.2d 1016, 1027 (7th Cir. 1980); *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970); *United States v. Neal*, 870 F.2d 312, 315 (5th Cir. 1989); *Ennis v. LaFevre,* 560 F.2d 1072, (2nd Cir. 1977); *United States v. Campbell*, 61 F.3d 976, 981 (1st Cir. 1995).

The Fifth Circuit vacated the conviction in *United States v. Davis*, 269 F.3d. 514 (5th Cir. 2001), because the District Court permitted a "hybrid representation" without adequately admonishing the defendant of the perils and disadvantages of self-representation. Rakhshan has not requested to proceed *pro se*. He has not appeared before this Court or a United States Magistrate Judge and been advised as to the perils and disadvantages of self-representation. Rakhshan is represented by counsel, and therefore should act through his counsel.

**Government's Motion to Dismiss *Pro Se* Filing - page 2**

An "accused has a Sixth Amendment right to conduct his own defense provided only that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins,* 465 U.S. at 173.  Rakhshan "should be made aware of the dangers and disadvantages of self representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'"  *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

In *Faretta v. California*, the United State Supreme Court acknowledged that the prosecutor and the trial judge are "charged with the duty of insuring that justice . . . is achieved . . . [and] [t]hat goal is ill served, and the integrity of and public confidence in the system are undermined, when an easy conviction is obtained due to the defendant=s ill-advised decision to waive counsel."  *Faretta v. California*, 422 U.S. at 823-825.

Permitting a "hybrid representation" when filing motions also places an undue burden on the government.  The government is not permitted to contact, much less conference with, represented persons.  A *pro se* defendant must adhere to the procedural rules, including all local rules.  *McKaskle*, 465 U.S. at 173.

Continuing the Sentencing Hearing

If the Court seeks to consider any arguments or reliance by the defense on the objections to the now-invalid PSR filed by Rakhshan's *prior* attorneys, the government would request an opportunity to file a substantive response.  The government's response

**Government's Motion to Dismiss *Pro Se* Filing - page 3**

and any defense reply might require the United States Probation Officer to file another addendum to the PSR – all of which would require a continuance of the sentencing hearing for at least 30 to 45 days.

WHEREFORE, the government requests that this Court strike Rakhshan's *pro se* motion and instruct Rakhshan to act through his attorney of record.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*s/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas   75242
Tel: 214-659-8600
Fax: 214-767-2846
candina.heath@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to Rakhshan's attorney, who consented in writing to accept this Notice as service of this document by electronic means.

*s/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney